UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID D.. WILSON,

Plaintiff,

vs.

CHICAGO POLICE OFFICERS

PHILBRICK HURNES, STAR NO. 6686,
 D.A. JOHNSON
ABRAHAM ESPINOSA, STAR NO. 12899,
BRADLEY BULLINGTON, STAR NO. 10267,
CECIL GOSTON, STAR NO. 8925,
JULIUS BEACHAM, NO. 10121,
CHRISTOPHER LEWIS, STAR NO. 18248,
MARTIN KORDAS, STAR NO.  16910
CITY OF CHICAGO
,

Defendants

JURY TRIAL DEMANDED

## FIRST AMENDED COMPLAINT

Now comes Plaintiff, DAVID D. WILSON by and through his attorney, Stephen L. Richards, and make the following complaint against Defendants CHICAGO POLICE OFFICERS PHILBRICK HURNES, STAR NO. 6686, D.A. JOHNSON, ABRAHAM ESPINOSA, STAR NO. 12899, BRADLEY BULLINGTON, STAR NO. 10267, CECIL GOSTON, STAR NO. 8925, JULIUS BEACHAM, NO. 10121, CHRISTOPHER LEWIS, STAR NO.  18248,  MARTIN KORDAS, STAR NO.  16910,  and CITY OF CHICAGO

and states as follows:

## JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff David D. Wilson's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). Defendants reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. At all times relevant hereto, Plaintiff David D.. Wilson was a male resident of Chicago, Illinois.

5. Defendant Chicago Police Officer Philbrick Hurnes, Star No. 6866 at all relevant times was employed by the City of Chicago Illinois and was acting within the scope of his employment and under color of law.

6. Defendant Chicago Police Officer D.A. Johnson at all relevant times was employed by the City of Chicago Illinois and was acting within the scope of his employment and under color of law.

7. Defendant Chicago Police Officer Abraham Espinosa, Star No. 12899, at all relevant times was employed by the City of Chicago Illinois and was acting within the scope of his employment and under color of law.

8. Defendant Chicago Police Officer Bradley Bullington Star No. 10227 at all relevant times was employed by the City of Chicago Illinois and was acting within the scope of his employment and under color of law.

9. Defendant Chicago Police Officer Cecil Goston, Star Number 8925 at all relevant times was employed by the City of Chicago Illinois and was acting within the scope of his employment and under color of law.

10. Defendant Chicago Police Julius Beacham, Star Number 10121 at all relevant times was employed by the City of Chicago Illinois and was acting within the scope of his employment and under color of law.

11. Defendant Christopher Lewis, Star No. 18248, at all relevant times was employed by the City of Chicago Illinois and was acting within the scope of his employment and under color of law.

12. Defendant Martin Kordas, Star No. 16910, at all relevant times was employed by the City of Chicago Illinois and was acting within the scope of his employment and under color of law.

13. Defendant City of Chicago is an Illinois municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of all defendants.

## FACTUAL ALLEGATIONS

14. On October 30, 2018, David D. Wilson was arrested by Defendants Hurnes and Johnson for unlawful possession of a weapon by a felon and aggravated battery to a police officer and resisting arrest.

15. At the time of my arrest he was not violating any law and was doing nothing which would have justified any officer in believing that there was probable cause for his arrest.

16. In particular, he had not just been involved with a foot chase with Chicago police officers. ,

17. David D. Wilson's mother had just made it home from making some errands using David D. Wilson's car.

18. After using David D. Wilson's car, his mother realized that she had forgotten her handgun on the driver's side door of the car.

19. Just after entering the car, David D. Wilson saw the gun in the car and called his mother and told her that she had forgotten the handgun in the car.

20. A few minutes after David D. Wilson got off the phone with his mother, defendant Hurnes approached David D. Wilson's back passenger window with this gun drawn and demanded that David D. Wilson get out of the car.

21. David D. Wilson let front passenger window and asked defendant Hurnes why he was pointing a gun at him.

22. Defendant Hurnes kept saying get of your fucking car before you get shot, and keep your hands on the steering wheel.

23. David D. Wilson told defendant Hurnes that he had not done anything wrong

that he had just come out the house.

24. After defendant Hurnes had threatened David D. Wilson's life numerous times, Wilson decided to unlock door.

25. Using excessive force, defendants Johnson and Hurnes snatched David D. Wilson out of the car, slammed his face to the concrete, twisting his arms, and choking him before getting him into handcuffs,

26. Defendants Johnson and Hurnes dragged David D. Wilson across the concrete and threw him into the back of the police car, slamming his shoulder into the door not once but multiple times.

27. After arriving at the police station, David D. Wilson asked for medical attention.

28. David D. Wilson was refused medical attention by defendant, booking officer Bullington who told David D, Wilson if I went to the hospital he would make sure that David D. Wilson missed the bus.

29. Defendant Bullington, acting in concert with the other defendants forced David D. Wilson into a cell, throwing him to the ground, jumping on top of him, choking him, and poking me him with a key, telling him to get his ass in the cell.

30. David D. Wilson felt that he was going to die.

31. David D. Wilson's chest was hurting so bad that he believed that he was having a panic attack or a heart attack.

32. David D. Wilson was afraid for his life.

33. After David D. Wilson's arrest, defendants Hurnes and Johnson authored a false police report.

34. The police report included the false statement that

35. What's not true in police report the police was not an foot pursuit with me I

was already sitting my car I'm not between the age of 18-25 I didn't have on white in orange shoes I'm not a black dark complexion

36. All other defendants made false complaints and false statements that David O. Wilson had battered Defendant Bullington and resisted arrest by the other officers.

37. In fact, David D. Wilson did not unlawfully possess a weapon, did not batter Defendant Bullington and did not resist arrest.

38. Defendants Hurnes and Johnson authored a false police report which maintained that they had received a report of a person fitting David D.. Wilson's description running with a gun.

39. The description of the offender stated that the offender was wearing orange and blue shoes.

40. David D. Wilson was found wearing blue and white sneakers.

41. The report also falsely stated that David D. Wilson kept removing his left hand partially from view.

42. The report also falsely stated that David D. Wilson began to resist and struggle while at the booking area and refused to be placed into a cell.

43. All other defendants made statements falsely alleging that David O. Wilson battered Defendant Bullington and resisted arrest.

44. There was no probable cause for the arrest of David O. Wilson on these charges.

45. Defendants Hurnes and Johnson, in cooperation with the other defendants instigated criminal proceedings against this defendant under case number 18-CR-1651601.

46. David O. Wilson was held in custody based upon these false statements from October 30, 2018, until his release on these charges on August 22, 2019 when the prosecution nolle prossed the case.

**Count I – Fourth Amendment Claim Against Defendant Philbrick Hurnes**

47. David D. Wilson realleges all previous paragraphs as if fully re-pleaded herein.

48. Defendant Philbrick Hurnes deprived David O. Wilson of his fourth amendment rights by fabricating evidence against him, causing him to be held in custody until charges were nolle prossed on August 22, 2020.

**Count II – Fourth Amendment Claim Against Defendant D.A. Johnson**

49. David D. Wilson realleges all previous paragraphs as if fully re-pleaded herein.

50. Defendant D.A. Johnson deprived David O. Wilson of his fourth amendment rights by fabricating evidence against him, causing him to be held in custody until charges were nolle prossed on August 22, 2020.

**Count III – Fourth Amendment Claim Against Remaining Defendants**

51. David D. Wilson realleges all previous paragraphs as if fully re-pleaded herein.

52. The remaining defendants deprived David O. Wilson of his fourth amendment rights by fabricating evidence against him, causing him to be held in custody until charges were nolle prossed on August 22, 2020.

**Count IV – Fourteenth Amendment Due Process Claim Against Defendant Philbrick Hurnes**

53. David D. Wilson realleges all previous paragraphs as if fully re-pleaded herein.

54. Defendant Philbrick Hurnes deprived David O. Wilson of his fourteenth amendment due process rights by fabricating evidence against him, causing him to be held in custody until charges were nolle prossed on August 22, 2020.

**Count V – Fourteenth Amendment Due Process Claim Against Defendant D.A. Johnson**

55. David D. Wilson realleges all previous paragraphs as if fully re-pleaded herein.

56. Defendant D.A. Johnson deprived David D. Wilson of his fourteenth amendment due process rights by fabricating evidence against him, causing him to be held in custody until charges were nolle prossed on August 22, 2020.

**Count VI – Fourteenth Amendment Due Process Claim Against Remaining Defendants**

57. David D. Wilson realleges all previous paragraphs as if fully re-pleaded herein.

58. The remaining defendants deprived David D. Wilson of his fourteenth amendment due process rights by fabricating evidence against him, causing him to be held in custody until charges were nolle prossed on August 22, 2020.

**Count VII – Fourteenth Amendment Claim for Excessive Force**

59. David D. Wilson realleges all previous paragraphs as if fully re-pleaded herein.

60. The remaining defendants, in particular Defendant Bullington, deprived David D. Wilson of his fourth amendmenrt rights by using excessive force to effect his arrest.

**PENDANT STATE LAW CLAIMS**

**Count VIII – Malicious Prosecution Claim Against Defendant Philbrick Hurnes**

61. David D. Wilson incorporates by reference all allegations previously made.

62. Defendant Philbrick Hurnes commenced the prosecution of David D. Wilson by arresting him without probable cause, generating false police reports about him, by giving prosecutors false information about him, by testifying falsely against him, and, on information and belief, signing a false complaint against him.

63. Defendant Hurnes's actions played a significant role in the commencement and continuation of the prosecution of David D. Wilson.

64. Defendant Hurnes acted with malice and ill will towards David D. Wilson.

65. Defendant Hurnes's actions proximately caused the commencement and continuation of the prosecution of David D. Wilson.

66. The prosecution was terminated in David D. Wilson's favor by the nolle pros of the case on August 22, 2019.

**Count IX – Malicious Prosecution Claim Against Defendant D.A. Johnson**

67. David D. Wilson incorporates by reference all allegations previously made.

68. Defendant D.A. Johnson commenced the prosecution of David D. Wilson by arresting him without probable cause, generating false police reports about him, by giving prosecutors false information about him, by testifying falsely against him, and, on information and belief, signing a false complaint against him.

69. Defendant Johnson's actions played a significant role in the commencement and continuation of the prosecution of David D. Wilson.

70. Defendant Johnson acted with malice and ill will towards David D. Wilson.

71. Defendant Johnson's actions proximately caused the commencement and continuation of the prosecution of David D. Wilson.

72. The prosecution was terminated in David D. Wilson's favor by the nolle pros of the case on August 22, 2019.

73. There was no probable cause for the arrest and/or indictment of David O. Wilson.

**Count X – Malicious Prosecution Claim Against Remaining Defendants**

74. David D. Wilson incorporates by reference all allegations previously made.

75. The remaining defendants commenced the prosecution of David D. Wilson by arresting him without probable cause, generating false police reports about him, by giving prosecutors false information about him, by testifying falsely against him, and, on information and belief, signing a false complaint against him.

76. The actions of the remaining defendants played a significant role in the commencement and continuation of the prosecution of David D. Wilson.

77. The remaining defendants acted with malice and ill will towards David D. Wilson.

78. The remaining defendants' actions proximately caused the commencement and continuation of the prosecution of David D. Wilson.

79. The prosecution was terminated in David D. Wilson's favor by the nolle pros of the case on August 22, 2019.

80. There was no probable cause for the arrest and/or indictment of David D. Wilson.

**Count XI – State Claim Against Defendant City of Chicago**

40. David D. Wilson realleges all previous paragraphs as if fully re-pleaded herein.

41. Illinois law provides that public entities, such as defendant City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

42. At all relevant times, defendants were agents of defendant City of Chicago and were acting within the scope of their employment. Defendant City of Chicago, therefore, is liable as principal for all torts committed by its agents, the defendants.

43. WHEREFORE, Plaintiff prays for judgment against defendants in a fair and just amount sufficient to compensate them for the injuries he suffered including incarceration, emotional suffering, lost wages, attorneys' fees, plus, plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

DAVID D. WILSON

      Plaintiff,  /s/

      By: Stephen L. Richards
        53 West Jackson Suite 756
        Chicago, IL 60604
        773-817-6927
        Sricha5461@aol.com
        Attorney No: 6191946